[826 NYS2d 379]

In the Matter of WARREN R. KRAFT (Admitted as WARREN RANDOLPH KRAFT), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 5, 2006

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of New Jersey dated December 6, 2005 (185 NJ 381, 886 A2d 654 [2005]), the respondent was disbarred for knowing misappropriation of client trust funds. The respondent was admitted to the bar in the State of New York at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on July 27, 1988. His procedural history with this Court is convoluted.

By decision and order on motion of this Court dated November 18, 2004, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable James A. Gowan, as Special Referee to hear and report (Appellate Division docket No. 2004-04551). By further decision and order on motion of this Court dated March 15, 2005, the branch of the petitioner's motion which was for the respondent's immediate suspension was denied, but the branch of that motion which was for leave to serve a supplemental petition of charges against the respondent was granted, and the issues raised by the supplemental petition and any answer thereto were referred to Special Referee Gowan to hear and report, along with the charges previously referred to him. By decision and order on motion of this Court dated October 11, 2005, the petitioner's second motion to suspend the respondent from the practice of law pursuant to 22 NYCRR 691.4 (l) (1) (i) was granted, the petitioner was authorized to serve a second supplemental petition in the pending disciplinary proceeding, and the issues raised were referred to Special Referee Gowan, along with the charges previously referred to him. By decision and order on motion of this Court dated January 11, 2006, the motion by Jerome Karp, P.C., attorney of record for the respondent, to be relieved as attorney of record in this proceeding was granted and the proceeding was adjourned for 30 days from the date of service of a copy of that decision and order on motion upon the respondent to afford him an opportunity to retain new counsel or to proceed pro se. By decision and order on application dated February 17, 2006, the petitioner was authorized to institute and prosecute a second disciplinary proceeding against the respondent and the issues raised were referred to the Honorable James A. Gowan, as Special Referee to hear and report (Appellate Division docket No. 2005-11358). By further order dated April 20, 2006, the Court held in abeyance the pending disciplinary proceedings

pending determination of a notice pursuant to 22 NYCRR 691.3, dated December 16, 2005, based upon the disbarment of the respondent by order of the Supreme Court of New Jersey for knowing misappropriation of client trust funds. The ensuing delay was occasioned by the difficulties encountered by the petitioner in effecting service upon the respondent.

Although served with the petitioner's motion pursuant to 22 NYCRR 691.3 on May 8, 2006, the respondent has failed to submit a response claiming that any of the defenses enumerated in 22 NYCRR 691.3 (c) are applicable here and has failed to demand a hearing. Accordingly, there is no impediment to the imposition of reciprocal discipline upon the respondent at this juncture.

Under the totality of circumstances, the respondent is disbarred in New York based upon his disbarment in New Jersey, and the pending disciplinary proceedings against him, which have been held in abeyance pursuant to this Court's order dated April 20, 2006, are discontinued.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the petitioner's motion is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Warren R. Kraft, admitted as Warren Randolph Kraft, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Warren R. Kraft, admitted as Warren Randolph Kraft, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Warren R. Kraft, admitted as Warren Randolph Kraft, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Warren R. Kraft, admitted as Warren Randolph Kraft, has been issued a secure pass by the

Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f); and it is further,

Ordered that the disciplinary proceedings pending under Appellate Division docket Nos. 2004-04551 and 2005-11358 are discontinued.